UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KATHLEEN ROCHE, D.C.,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
INSURANCE CO., TRAVELERS INDEMNITY
CO., TRAVELERS CASUALTY & SURETY CO.
and THE TRAVELERS INSURANCE COMPANY
n/k/a THE ST. PAUL TRAVELERS COMPANIES,

    Defendants.

Case No. 07-cv-302-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Kathleen Roche:

1. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely residence. 28 U.S.C. § 1332(a)(1) & (d)(2)(A); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The plaintiff has alleged her residence but not her citizenship.

2. **Failure to allege citizenship at relevant time.** The existence of diversity is determined as of the commencement of the action. *See Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 130 F.3d 290, 292-93 (7th Cir. 1997). Parties must allege citizenship as of the date the complaint is filed. The plaintiff has alleged that defendant The Travelers Insurance Company n/k/a The St. Paul Travelers Companies[1] *was* incorporated and *had*

---

[1] At one point the Complaint states that The Travelers Insurance Company is now known as MetLife Insurance Company of Connecticut. Compl. ¶ 7. The Court assumes this was a typographical error which should have referred to The St. Paul Travelers

its principal place of business in Connecticut but she does not allege its state of incorporation or principal place of *at the time the suit was filed.*

3.  **Failure to allege the citizenship of a corporation.**  A corporation is a citizen of both the state of its principal place of business and the state of its incorporation.  28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  The plaintiff has alleged the domiciles of defendants Travelers Property Casualty Insurance Company, Travelers Indemnity Company and Travelers Casualty & Surety Company.  However, in order to determine if jurisdiction exists, the Court must know the specific states of incorporation and principal place of business of each of those defendants.

The Court hereby **ORDERS** that the plaintiff shall have up to and including May 18, 2007, to amend the faulty pleading to correct the jurisdictional defects.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  April 27, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**

---

Companies.