UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHLEEN ROCHE , D.C., individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY & SURETY COMPANY, and THE TRAVELERS INSURANCE COMPANY,<br><br>Defendants. | Case No. 07-cv-302-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant The Travelers Indemnity Company's Motion to Dismiss the Fourth Amended Complaint (Doc. 61). Plaintiff Kathleen Roche has responded and Defendant has replied. Defendant has also filed a Motion to Strike or Dismiss Class Allegations (Doc. 62) which is likewise fully briefed. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

### BACKGROUND

Plaintiff Kathleen Roche is a licenced healthcare provider who signed a provider agreement with First Health Group Corp. (First Health), thereby becoming a provider with the First Health PPO network. Defendant The Travelers Indemnity Company (TIC) signed a payor agreement with First Health, thereby becoming a payor with the First Health PPO network.

In 2003, Roche treated a patient, who was a covered claimant under a TIC worker's compensation insurance policy, at her offices in St. Clair County, Illinois. The claimant

1

sustained injuries in a covered occurrence, and was entitled to worker's compensation coverage by TIC. Neither TIC nor First Health referred the patient to use Roche's services. They did nothing to steer or direct the patient in any way to Roche, nor did TIC make any attempt to verify Roche's status as a PPO provider before Roche provided her services to the patient.

Roche submitted a bill for her usual and customary charges to TIC. TIC then submitted the bill to First Health for review. Upon determining that Roche was a First Health PPO provider, TIC tendered payment to Roche at the PPO discounted rate for the services provided, along with an explanation of reimbursement form (EOR). The EOR represented that the claim had been reimbursed pursuant to the First Health Network. Roche contends that TIC was not entitled to take the PPO discount and is liable to her for the difference between her usual and customary rate and the PPO rate TIC paid. Roche contends that TIC was unjustly enriched by retaining for itself the difference between the rates. TIC counters that the Court should dismiss the complaint because Roche cannot sustain a claim of unjust enrichment against it.

## ANALYSIS

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007). The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level."

*Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007)(quoting *Twombly*, 127 S.Ct. at 1965 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. Moreover, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim." *R.J.R. Services Inc. v. Aetna Casualty and Surety Co.*, 895 F.2d 279, 281 (7th Cir.1989). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969 n. 8.

**I.     Unjust Enrichment**

The parties agree that Illinois substantive law controls in this action. In order to state a claim of unjust enrichment in Illinois, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates fundamental principles of justice, equity and good conscience. *B & B Land Acquisition, Inc. v. Mandell*, 714 N.E.2d 58, 63 (Ill. App. Ct. 2000). "The premise of that doctrine is that a person who has been unjustly enriched at the expense of another is required to make restitution to the other." *F.H. Prince & Co., Inc. v. Towers Financial Corp.*, 656 N.E. 2d 142, 151 (Ill. App. Ct. 1995) (internal quotes omitted).

Here, Roche has failed to allege that TIC retained a benefit to her detriment. She alleges that she submitted her bill to TIC, that TIC confirmed the bill was for a covered occurrence, and that TIC paid her an amount $531.81 less than the amount she billed. However, she has not alleged any facts from which the inference could be drawn that TIC was obligated to pay her bill

3

at all, much less in full. Roche provided services to a patient, and she is entitled to reasonable compensation for those services. However, to the extent that a quasi-contract arose for the reasonable price of Roche's services, it arose between Roche and her patient. *See, Victory Memorial Hosp. v. Rice*, 493 N.E.2d 117, 119 (Ill. App. Ct. 1986). Roche has not alleged that she provided services to TIC. Roche has not alleged that she is entitled as a third-party beneficiary to bring an action on the insurance contract between her patient and TIC. Furthermore, to the extent that Roche is alleging that TIC must pay the reasonable costs of the treatment of her patient because the patient sustained a work-related injury, any such cause of action is precluded by the Worker's Compensation Act.[1]

### A. Illinois Workers's Compensation Act

"The Illinois Worker's Compensation Act [IWCA] is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer." *Meerbrey v. Marshall Field and Co., Inc.*, 564 N.E.2d 1222, 1225 (Ill. 1990). Roche alleges that her patient was injured in an accident falling within the ambit of the IWCA and that his treatment was covered under a workers's compensation insurance policy. Therefore, her patient is entitled to compensation for his health care costs related to his injury. Roche appears to be alleging that she is entitled to assert her patient's rights against the insurer. Such an action is precluded by the exclusive remedy provision of the IWCA which reads, in relevant part:

---

[1] This is not the same question the Court decided in its previous Order. There, the Court determined that the IWCA did not prohibit health care providers and insurers from entering into payment contracts; nor did the IWCA prohibit suits for breaches of those contracts.

4

> No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.
> 820 ILCS 305/5(a) (exclusive remedy provision)(emphasis added).

To the extent that Roche is asserting her patient's right to worker's compensation coverage from the employer's insurer, TIC, she is bound to the limitations of her patient's rights just as he would be if he asserted those rights on his own behalf. The IWCA provides that for medical treatment, the necessity of which is not in dispute, the employer (or his insurance provider under 820 ILCS 305/4(g)) shall pay to the health care provider, on behalf of the injured worker, the negotiated rate, if applicable, or the lesser of the health care provider's actual charges or according to a fee schedule. 820 ILCS 305/8(a). However, "If an employer notifies a provider that the employer will pay only a portion of a bill for any procedure, treatment or service rendered in connection with a compensable illness or disease, the provider may seek payment from the employee for the remainder of the amount of the bill...." 820 ILCS 305/8.2(e-10). The employee may bring a dispute regarding payment. *Id*. However, any such dispute must be submitted for determination to the IWC Commission. 820 ILSC 305/18. Administrative remedies via the Commission are available to the employee for non-payment or underpayment of bill submitted under section 8(a). 820 ILCS 305/19(k).

In summation, to the extent that a quasi-contract arose in this case, it arose between Roche and her patient. To the extent that Roche is able to assert her patient's right to full compensation from TIC under the IWCA, she must submit that action for determination by the

5

IWC Commission. Roche cannot maintain the sole cause of action in her complaint. Therefore, the Court will grant TIC's motion to dismiss Roche's Fifth Amended Complaint.

A provider in Roche's situation may have a variety of causes of action available to her to remedy her alleged injuries. For example, the insurance company may have agreed with the provider that it would pay the provider a certain rate or grant the provider certain services, then breached that agreement. It may have received benefits or services from the provider and refused to pay for them, thus being unjustly enriched. It may have committed fraud by falsely purporting to be a member of the PPO to which the provider belongs, thus obtaining the discounted rate. But, the allegations brought by Roche in her various complaints in this case have never adequately pled any of these causes of action. Five chances to get it right is enough. The Court will not allow Roche to amend her complaint a sixth time. Because the Court has dismissed this action in its entirety, it need not reach the issue of whether it could be maintained as a class action. Accordingly, Defendant's Motion to Strike or Dismiss Class Allegations is denied as moot.

## CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** Defendant's Motion to Strike or Dismiss Class Allegations (Doc. 62). The Court **GRANTS** Defendant's Motion to Dismiss Fourth Amended Complaint (Doc. 61) and **DISMISSES this case with prejudice**. The Court

**DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 31, 2009**

                                                          s/ J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **DISTRICT JUDGE**